Opinion filed June 21,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00143-CR

                                                    __________

 

                               SANTOS
ALMANZA, JR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 441st District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR36906

 



 

                                            M
E M O R A N D U M   O P I N I O N

Santos Almanza, Jr. appeals his conviction by a jury of the
offense of aggravated robbery.  The jury, finding enhancement paragraphs to be
true, assessed his punishment at forty years in the Texas Department of
Criminal Justice, Institutional Division.  Almanza contends in a single issue
on appeal that the evidence is insufficient to support a finding that he used a
deadly weapon.  We affirm.

            The
standard of review for an appellate court in evaluating the sufficiency of the
evidence is to determine whether any rational finder of fact could have found
the existence of the elements of the offense beyond a reasonable doubt after viewing all
of the evidence in a light most favorable to the verdict.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979).

      Jonathan Lopez testified that, in the early morning
of December 9, 2009, after he had closed down his father’s bar and driven to
the house of a friend, a man who had been at the bar earlier attacked him with
a knife while demanding that he give him his money.  He identified Almanza as
his attacker.  He said that Almanza had the knife to his throat.  He related
that, after he pulled the knife off a little, Almanza put it back toward his
throat but that, instead of getting his throat, Almanza poked him right
“here.”  He said that, after a further struggle in which he sought to choke
Almanza, Lopez felt Almanza start to go down.  According to Lopez, at that
point, Almanza started to do “this” with the knife.  He said that was when
Almanza cut him “up here” on top.  He indicated that, after that, he felt his
face and his head get real warm with all the blood “starting to come down.” 
Lopez testified that, when he “went like this,” his whole hand was just red. 

Lopez related that he was able to
knock on his friend’s door and that, when his friend answered, Almanza ran
away.  Lopez said he told his friend he had been robbed or “tried to have been
robbed” and then told his friend to hurry up and call the ambulance because he
did not want to die.  He indicated he was scared for his life because he kept
seeing blood “coming down.”  

Lopez testified that, at the
hospital, they cleaned him up and gave him sixteen staples, as opposed to
stitches.  He said the injuries were painful and that he still had scars on his
head and throat.  Photographs were introduced, which included pictures of Lopez’s
blood in the street, a picture of Lopez’s blood on the door of his vehicle,
pictures of Lopez’s blood on the driver’s seat of his vehicle, and a picture of
Lopez’s blood on the railing of his vehicle.  Other photographs introduced
included a picture of the cut on Lopez’s throat, the wound where Almanza poked
Lopez after Lopez tried to push him off, and the cut on top of Lopez’s head.  Lopez
said he thought he was going to die if the ambulance did not get there; he just
kept seeing blood coming down in his face from his head.  

We hold that the evidence is
sufficient to support the conviction by showing that Lopez was robbed and
showing that Almanza exhibited and used a deadly weapon.  In urging that the
evidence is insufficient to show that he exhibited and used a deadly weapon,
Almanza notes that Lopez never described the knife, which was never discovered;
that there was no testimony that the knife was a “deadly weapon” or that it was
capable of causing serious bodily injury or death; and that there was no
testimony that Lopez suffered serious bodily injury.  Rather than citing cases
where the evidence has been held insufficient to show that a knife was a deadly
weapon, Almanza seeks to show variances in fact from cases where the evidence
was held to be sufficient.  

A knife is a deadly weapon if it is
designed, made, or adapted for the purpose of inflicting death or serious
bodily injury or if,
in the manner of its use or intended use, it is capable of causing death or
serious bodily injury.  Tex. Penal Code
Ann. § 1.07(a)(17) (West Supp. 2011).  “Serious bodily injury” means
bodily injury that creates a substantial risk of death or that causes death,
serious permanent disfigurement, or protracted loss or impairment of the
function of any bodily member or organ. 
Tex. Penal Code Ann. § 1.07(a)(46) (West Supp. 2011).  When we consider
all of the evidence, including the deep wound to Lopez’s head, the wound to his
throat, and the extensive bleeding he suffered, we hold that a rational jury
could have found that, in the manner of its use or intended use, the knife used
by Almanza was capable of causing death or serious bodily injury.  Nowhere in
his discussion of the insufficiency of the evidence does Almanza mention
evidence of the profuse amount of blood lost by Lopez as a result of the
injuries that he inflicted.

Almanza appears to assert that the
evidence is insufficient because there is no expert testimony to show that the
weapon he used was a deadly weapon.  However, under similar facts, the Texas
Court of Criminal Appeals has held that the evidence was sufficient to show a
knife was a deadly weapon even without the knife being introduced into evidence
and without medical testimony as to the nature of the wounds.  See Limuel v.
State, 568 S.W.2d 309, 312 (Tex. Crim. App. 1978).  We overrule Almanza’s
sole issue on appeal.

The judgment of the trial court is
affirmed.  

 

                                                                        PER
CURIAM

June
21, 2012

Do
not publish.  See Tex. R.
App. P. 47.2(b).

Panel consists
of: Wright, C.J.,

McCall, J., and
Hill.[1]HHH            e saH

 









                [1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.